José María y Juan Franceschi, Domingo, Salvador y Estrella Leandri y Angel y Blanca Massari, peticionarios y apelantes, Ex parte; López de Tord & Zayas Pizarro, interventores y apelados.

No. 6745.—*Sometido:* Junio 25, 1934. *Resuelto:* Julio 9, 1934.

*Henry G. Molina* y *M. León Parra,* abogados de los apelantes; *López de Tord & Zayas Pizarro,* por su propio derecho.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

En 23 de abril de 1934, mientras se discutía en la Corte de Distrito de Ponce una moción presentada por los herederos de don Francisco María Franceschi, proponiendo una garantía de $50,000, para asegurar el pago de la reclamación interpuesta por los interventores López de Tord & Zayas Pizarro en caso de que obtuviesen una sentencia a su favor, las partes en audiencia pública hicieron una estipulación que copiada a la letra dice así:

"Lcdo. Zayas Pizarro: Las partes están de acuerdo en que la administración judicial se limite a un cierto número de bienes que vamos a convenir para responder a la reclamación de los interventores López de Tord & Zayas Pizarro, de acuerdo con la fianza

fijada por este Tribunal. En cuanto a los demás bienes, les serán entregados por el Administrador Judicial a los herederos, sin ninguna clase de responsabilidad porque dejan de pertenecer a la administración judicial, y los herederos pueden hacer lo que quieran con esos bienes. La administración judicial continuará solamente en cuanto a la liquidación de la reclamación de los interventores antes nombrados; y el administrador judicial se unirá a la oferta que hace la Sucesión Franceschi y seguirá defendiendo la herencia de Franceschi en relación con la reclamación de los interventores López de Tord & Zayas Pizarro, como tal Administrador Judicial, de acuerdo con la sentencia de la Corte Suprema de Puerto Rico de 7 de noviembre de 1933, en el caso de certiorari número 898—con la anotación en el registro de dichos bienes a que se refiere la oferta de la Sucesión Franceschi; aclarando el señor Zayas Pizarro que al hacer referencia anteriormente a la fianza señalada por la corte, esto no quiere decir que los bienes que han de dejarse tengan un valor de cincuenta mil dólares, sino que deben dejarse bienes en poder del Administrador que garanticen dichos cincuenta mil dollars.

"Lcdo. León Parra: Se ha fijado la corte en lo que hemos tratado nosotros para venir a un acuerdo, sin fijarnos una pauta en cuanto al montante de esos bienes; y debe ponerse la muletilla 'de acuerdo con la ley.' La reclamación de estos señores no puede ser sino de acuerdo con la ley. Esto nos va a servir de pauta para indicar el valor de los bienes.

"Lcdo. León Parra: En consideración a la posibilidad de que esta Hon. Corte, en uso de su discreción, pudiera decidirse por cualquiera de las otras formas de fianza que ella establece en su resolución de 21 de febrero de 1934, nosotros sometemos a la corte los mismos bienes que se ofrecieron, según aparecen descritos, en nuestra moción de 23 de diciembre de 1933, titulada 'moción de reconsideración.'

"Al mismo tiempo, nosotros vamos a solicitar de la corte que si en cualquier momento se presentare un buen negocio de esos bienes que fuera beneficioso para los compañeros y para nosotros, nosotros pediríamos a la corte, y la corte nos concedería el permiso, para venderlos, sustituyéndolos por otros, o depositando el importe en la corte.

"Lcdo. Zayas Pizarro: Yo creo que sí. Lo mejor sería que se depositase en un banco para que así ellos tengan sus intereses.

"Lcdo. León Parra: Suponiendo que el Pueblo de Puerto Rico le pague cuarenta y cinco mil dollars a Díaz García que le debe . . .

"Ledo. Zayas Pizarro: Aumentan esa suma en cinco mil dollars y la depositan; entonces eso se depositaría en la corte.

"Juez: Podría sustituirse la fianza de bienes retenidos por la fianza pecuniaria, la mejor fianza.

"La corte aprueba la estipulación acordada por las partes, que consta en el récord, en la forma que ha sido estipulada y convenida; y queda pendiente de dictarse una orden, la orden correspondiente, para señalar la garantía determinando en la misma los bienes."

En 26 de abril de 1934, la corte, de acuerdo con lo convenido, dictó una orden limitando la administración judicial a ciertos bienes de la herencia y decretando que todos y cada uno de los referidos bienes continuasen bajo la administración judicial para responder hasta la suma de $50,000 a los señores López de Tord y Zayas Pizarro de la efectividad de la sentencia que pueda recaer a su favor en la reclamación de honorarios que por la cantidad de $125,000 han presentado dentro del procedimiento de administración judicial por servicios profesionales prestados como abogados en dicha administración y en numerosos pleitos relacionados con la herencia de Francisco María Franceschi.

En 31 de mayo de 1934, los referidos herederos solicitaron permiso para retirar la estipulación. La corte, después de oír a las partes, declaró sin lugar la referida moción, dejando en toda su fuerza y vigor la orden dictada en 26 de abril de 1934.

De esta resolución de la corte inferior apelaron los herederos y ahora comparecen los señores López de Tord y Zayas Pizarro solicitando que se desestime la apelación porque la resolución no es apelable, de acuerdo con el inciso tercero del artículo 295 del Código de Enjuiciamiento Civil, porque fué dictada en virtud de estipulación acordada y consentida entre las partes y porque es frívola y se interpone con el único objeto de retardar y perjudicar los intereses de dichos abogados.

Los apelantes arguyen que el recurso interpuesto está autorizado por el inciso tercero del referido artículo 295 de

la Ley Procesal Civil, según el cual podrá establecerse apelación para este tribunal de una orden anulando o negándose a anular un embargo. En nuestro sentir, no cabe sostener que la orden de la corte inferior niega la anulación de un embargo, por la razón de que no se ha practicado embargo alguno. Los bienes reservados por la corte, en virtud de estipulación de las partes, vinieron a su poder en un procedimiento de administración judicial y no de una orden de embargo. El *status* de dichos bienes no ha cambiado. Conforme a lo acordado por las partes y a lo decretado por la corte inferior, esos bienes continúan judicialmente administrados para responder de la reclamación establecida por los señores López de Tord y Zayas Pizarro, en caso de que se dicte una sentencia a su favor. No se trata, pues, de una resolución negando la anulación de un embargo, y, por lo tanto, la orden de la corte inferior, que no está comprendida en ninguno de los incisos que componen el artículo 295 de la Ley de Enjuiciamiento Civil, es a todas luces inapelable.

*Debe desestimarse el recurso interpuesto.*